AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

APR 2 6 2019

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Google cellular phone<br>Model: G-2PW2100<br>(Target Phone) | Case No. 19MJ1711 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 952, 960 | Importation of a Controlled Substance |
| 21 U.S.C. 841, 846 | Distribution of a Controlled Substance and Conspiracy |
| 21 U.S.C. 843 | Illegal Use of a Communication Facility |

The application is based on these facts:

See attached affidavit of Lindsey Fitch.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Lindsey Fitch, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/26/19

*Judge's signature*

City and state: San Diego, California

Hon. Mitchell D. Dembin, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A
# PROPERTY TO BE SEARCHED

The property/item to be searched is described as:

a Google cellular phone, Model: G-2PW2100, (the **Target Phone**).

The **Target Phone** is currently in the possession of DHS and is being held as evidence in the Southern District of California.

# ATTACHMENT B
# ITEMS TO BE SEIZED

Authorization to search the cellular phone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular phone. The seizure and search of the cellular phone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular phone will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period from **November 1, 2018 to and including January 27, 2019**:

a. tending to identify attempts to import methamphetamine or some other controlled substance from Mexico and distribute the controlled substance in the United States;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the smuggling and distribution of methamphetamine or some other controlled substance from Mexico into, and through, the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in smuggling and distribution of methamphetamine or some other controlled substance from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the smuggling and distribution of methamphetamine or some other controlled substance, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 843**.

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Lindsey Fitch, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by Department of Homeland Security, Homeland Security Investigations (HSI) Special Agents for the following cellular phone:

    a Google cellular phone, Model: G-2PW2100 (the **Target Phone**).

2. The **Target Phone** was seized on January 27, 2019 from Justina Elizabeth Bolden (BOLDEN), at the Otay Mesa, California Port of Entry (POE) when she entered the United States from Mexico driving a vehicle that was found to have approximately 28.32 kilograms (62.43 pounds) of methamphetamine concealed in the rear quarter panels. The **Target Phone** is being held as evidence by HSI and is currently located in the Southern District of California.

3. Probable cause exists to believe that the **Target Phone** contains evidence relating to violations of Title 21, United States Code Sections 841 (Distribution of a Controlled Substance); 846 (Conspiracy to Distribute Controlled Substances); 952/960 (Importation of a Controlled Substance); and 963 (Conspiracy to Import a Controlled Substance).

4. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the items to be seized set forth in Attachment B will be found in the items to be searched as described in Attachment A. These items may be or lead to evidence of the violations described above.

//
//
//
//

1

## TRAINING AND EXPERIENCE

5. I have been a Special Agent with Homeland Security Investigations (HSI) since July 8, 2018. I am a graduate of the Criminal Investigator Training Program (CITP) and the HSI Special Agent Training (HSISAT) Academies at FLETC. Prior to my employment with HSI, I was a Customs and Border Protection (CBP) Officer at the San Ysidro Port of Entry for three years. I am a graduate of San Diego State University with a Bachelor of Science Degree. As a federal law enforcement officer, I have received formal training, as well as extensive on the job training, relative to the investigation of narcotics trafficking, money laundering, bulk cash smuggling, transportation, layering, structuring and other techniques used to launder illicit proceeds. I have investigated illicit narcotics, controlled substances, money laundering, bulk cash smuggling, and other crimes.

6. Through the course of my training, investigations and conversations with other law enforcement personnel, I am aware that it is a common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators in order to further their criminal activities. Conspiracies involving narcotics smuggling generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messages, emails, instant messages, social networking messages, and phone numbers of co-conspirators.

7. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of narcotics investigations, and the opinions stated below are shared by them. Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit.

8. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in controlled substance

2

smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

      a. Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, social networking sites, and voice messages.

      b. Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

      c. Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

      d. Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

      e. Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity including the presence and location of marked and unmarked units, as well as the operational status of Border Patrol checkpoints.

      f. Drug smugglers will use cellular telephones to communicate with each other regarding payment and other financial arrangements relating to the transportation of their illegal cargo.

9. The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews; my review of documents related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; conversations with other agents experienced in controlled substance investigations, and information gained through my training and experience. All the dates, times, and amounts listed in this affidavit are approximate. Because this affidavit is submitted for the limited purpose of establishing probable cause

in support of the application for search warrants, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## FACTS SUPPORTING PROBABLE CAUSE

10. On January 27, 2019, at approximately 5:39 p.m., BOLDEN applied to enter the United States from Mexico at the Otay Mesa POE in a 2014 Jeep Patriot. BOLDEN was the driver and sole occupant. During primary inspection, BOLDEN presented a valid United States Passport Card, stated she was en-route to her house in El Cajon, California and replied, "No," when asked if she had anything to declare. BOLDEN stated she had traveled to Mexico to drink with her friends. The CBP officer conducting primary inspection noticed the gas tank tapped heavier than usual and referred BOLDEN to secondary inspection.

11. In secondary, the Patriot was scanned with a Z-portal machine and an officer observed anomalies in the rear quarter panels. The Patriot was also screened by a narcotics detection canine, which alerted to a trained odor emanating from the rear driver's side quarter panel of the vehicle.

12. Officers then inspected the vehicle and discovered a total of 30 plastic wrapped packages: 19 concealed in the passenger side quarter panel, and 11 concealed in the driver side quarter panel. The packages contained methamphetamine and had a combined weight of approximately 28.32 kilograms (62.43 pounds).

13. Officers placed BOLDEN under arrest. At the time of her arrest, BOLDEN was in possession of the **Target Phone**, which agents seized.

14. After she was *Mirandized,* BOLDEN denied knowingly transporting the drugs found in her vehicle. BOLDEN stated that she was headed home to El Cajon, California. BOLDEN stated she traveled to Tijuana, Mexico to visit a friend, "Gio". BOLDEN stated that she met Gio at a restaurant for lunch and then they went to a hotel for a few hours. BOLDEN stated that Gio then left the hotel with her vehicle and

4

returned the next day. BOLDEN stated on January 27, 2019, they were at the hotel until approximately 3:00 p.m. and then departed towards the border. BOLDEN stated that she then proceeded to the United States and Gio stayed in Mexico but she was supposed to meet him in Los Angeles the next day. BOLDEN was asked how she thought the drugs had ended up in her vehicle. BOLDEN suggested the drugs had probably been placed in her vehicle by Gio during the time he had her vehicle. BOLDEN stated she met Gio approximately three weeks ago via a mutual friend "Brian", who she met via a telephone dating application and subsequently in person. BOLDEN stated Gio is approximately 40 years old, she had seen him four times, and was her "sugar daddy." BOLDEN was arrested and faces importation charges in case number 19CR0624-AJB.

15. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the narcotics smuggling activities of BOLDEN and her co-conspirators, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, email messages, messages and posts from social networking sites like Facebook, pictures, location data, and other digital information are stored in the memory of the cellular telephone described herein.

## SEARCH METHODOLOGY

16. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their

subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

17. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

18. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## CONCLUSION

19. Based on all of the facts and circumstances described above, there is probable cause to conclude that BOLDEN used the **Target Phone** to facilitate the offenses of importing distributing methamphetamine. The **Target Phone** was likely

used to facilitate the offenses by transmitting and storing data, which constitutes evidence of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963.

20.     Because the **Target Phone** was seized during the commission of the offense and has been stored in a secure location, there is probable cause to believe that evidence of illegal activity committed by BOLDEN continues to exist on the **Target Phone**.

21.     Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I know that the items to be seized set forth in Attachment B are likely to be found in the property to be searched described in Attachment A. Therefore, I respectfully request that the Court issue a warrant authorizing me, a Special Agent with Homeland Security Investigations, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B.

LINDSEY FITCH
HSI Special Agent

Subscribed and sworn to before me this 26 day of April, 2019.

HON. MITCHELL D. DEMBIN
United States Magistrate Judge

7